UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICRON TECHNOLOGY, INC. et al., | Case No. 1:22-cv-00273-DCN |
| Plaintiffs, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| LONGHORN IP, LLC, | |
| Defendant. | |

## I. INTRODUCTION

Pending before the Court is Defendant's Motion to Stay Bond Proceedings ("Motion to Stay"). Dkt. 21. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

A simple overview of the facts of this case will suffice for the purposes of the instant motion. On March 3, 2022, Katana Silicon Technologies ("Katana") filed a suit in the United States District Court for the Western District of Texas against Micron Technology, Inc., Micron Semiconductor Products, Inc., and Micron Technology Texas, LLC

MEMORANDUM DECISION AND ORDER - 1

(collectively "Micron"), alleging that Micron infringed upon three of Katana's patents. *Katana Silicon Technologies LLC v. Micron Technology, Inc et al.*, 1:22-cv-00282, Dkt. 1. That case was transferred to this Court. *Id.*, at Dkt. 22. Notably, Micron filed a counterclaim that included, *inter alia*, an alleged violation of Idaho Code § 48-1701, *et seq.*

On June 6, 2022, Micron filed a lawsuit in Idaho state court against Longhorn IP, LLC ("Longhorn"), claiming that Longhorn, the parent company of Katana, was violating Idaho Code § 48-1701, *et seq.*, as Longhorn had allegedly participated in Katana's "bad faith assertion of patent infringement." Dkt. 1-4, at 22. Longhorn removed the case to this federal Court. Dkt. 1.

For cases involving alleged bad faith patent litigation, Idaho Code § 48-1707 requires that, when there is a "reasonable likelihood that a person has made a bad faith assertion of patent infringement," such person shall be required "to post a bond in an amount equal to a good faith estimate of the target's costs to litigate the claim." Accordingly, Micron filed a Motion for Bond on July 5, 2022. Longhorn filed a Motion to Dismiss on July 12, 2022, in the instant case.[1]

A little over two weeks later, on July 28, 2022, Longhorn filed the instant Motion to Stay. The matter regarding a stay is now ripe before the Court.

### III. LEGAL STANDARD

A court "has inherent power to control the disposition of the causes on its docket in

---

[1] On a related note, on July 11, 2022, Katana filed a Motion to Dismiss Micron's Counterclaim regarding the alleged violation of Idaho Code § 48-1701, *et seq.*

a manner which will promote economy of time and effort for itself, for counsel, and for litigants." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). But district courts may not exercise this power if it would result in undue delay. *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir.2007); see also *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 864 (9th Cir. 1979) ("[a] stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time."). Nor may a stay be indefinite in nature. *Dependable Highway*, 498 F.3d at 1066.

Even a limited stay may not issue until the Court weighs competing interests, including: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy and efficiency. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Longhorn, as the proponent of the stay, bears the burden of proving that a stay is warranted. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255).

## IV. DISCUSSION

Longhorn moved to stay proceedings related to the Motion for Bond or, in the alternative, to allow for a brief discovery period before Longhorn is required to file its response brief. The underlying reason for Longhorn's request is because "resolution of Longhorn's pending Motion to Dismiss will either dispose of the Bond Motion or shed significant light on it. And there is no urgent need for the Bond Motion to be resolved as

no other case proceedings are imminent."[2] Dkt. 21-1, at 1–2. Micron disagrees, stating that "[s]uch a delay directly negates the purpose of the bond" and that "the Court can conserve its own resources by considering Longhorn's motion to dismiss and Micron's bond motion, which raise similar facts and issues, together." Dkt. 28, at 2.

The first factor looked at is the potential prejudice that a stay would cause the non-moving party—Micron. Micron claims that it would be prejudiced because it is incurring significant legal costs that it would not incur if Longhorn was required to post a bond. Dkt. 28, at 5–6. Presumably, Micron's claim is based on the idea that Longhorn would be scared off from this case (and the related Katana case) if Longhorn was required to post a significant bond. This may be so, and in that situation, Micron would experience serious prejudice if the bond was stayed. Thus, in somewhat of a "chicken and the egg" situation, a stay *could* cause prejudice against Micron, but it may not. Until the Court rules on the Motion for Bond, it is impossible to accurately predict the possible prejudice, which cuts in favor of denying the Motion for Stay.

The second factor examined is hardship and inequity to the moving party—Longhorn—if the action is not stayed. Longhorn alleges that its stay would avoid "the risk of unnecessary briefing or briefing that fails to target the issues of most interest to the Court." Dkt. 21-1, at 3. Longhorn also expresses concern of being required to post an

---

[2] Longhorn also claims the "requested stay is appropriate in this case because the Idaho statute Micron relies on to oppose the stay is pre-empted by federal patent law." Dkt. 29, at 1. Because this case was removed to federal court by Longhorn pursuant to this Court's diversity jurisdiction (Dkt. 1, at 2), the Court will not rule on the question of preemption at this time. That question will be addressed at a future date in the decision on the Motion for Bond or Longhorn's Motion to Dismiss.

"unreasonable" $15 million bond. Dkt. 29, at 2. Neither of these concerns are significant. Although the Court prefers to avoid unnecessary briefing, it is sometimes unavoidable. Furthermore, it is unlikely that the briefing will be unnecessary because, as Longhorn points out, much of the Motion for Bond issues are part of the pending Motion to Dismiss. Although it is understandable that a party does not desire to post a multi-million-dollar bond, denying the Motion for Stay does not mean that Longhorn will be required to post such a bond. It only means that the Court desires to proceed with the briefing according to schedule.[3] This factor leans ever so slightly in favor of granting the stay.

The third factor is the judicial economy and efficiency of the Court. Here, as Longhorn has pointed out, there are overlapping facts and issues with the Motion for Bond and the Motion to Dismiss. When there are motions with overlapping facts and issues, the Court prefers to take up the motions simultaneously to avoid duplicative work. Even if the Motion to Dismiss is granted and the Motion for Bond is rendered moot, the Court would still prefer to deal with both issues simultaneously. Unnecessary discovery will also further extend the length of time necessary to resolve the pending motions. As such, it is strongly in the best interest of the Court to deny the Motion for Stay.

Furthermore, the very purpose of Idaho Code § 48-1701, *et seq.*, cuts against Longhorn here. The Idaho State Legislature explained that its desire was to "facilitate the efficient and prompt resolution of patent infringement claims, protect Idaho businesses

---

[3] Proceeding with the briefing as scheduled does not constitute a "rush." Dkt. 29, at 3.

from abusive and bad faith assertions of patent infringement and build Idaho's economy, while at the same time carefully not interfering with legitimate patent enforcement actions." I.C. § 48-1701(2). Besides declaring it "unlawful for a person to make a bad faith assertion of patent infringement," (I.C. § 48-1703(1)), and creating a private cause of action (I.C. § 48-1706)), the Idaho State Legislature also saw fit to require a person making a bad faith assertion of patent infringement to post a bond (I.C. § 48-1707). Presumably, the bond was intended to play a role in facilitating "the efficient and prompt resolution of patent infringement claims." I.C. § 48-1701(2).

"When construing a statute, the focus of the Court is to give effect to the intent of the Idaho State Legislature." *Novas v. Russ Dean Ford, Inc.*, 2009 WL 721549, at *4 (D. Idaho Mar. 17, 2009) (citation omitted). If the Court stayed the Motion for Bond, it would be undercutting a significant part of Idaho Code § 48-1701, *et seq*., in a manner that removes much of the teeth from the law. Without clear precedent dictating otherwise, the Court is very hesitant to act in a manner that undermines decisions made by the governing bodies of the state of Idaho.

Longhorn also requested that, in the alternative, the Court allow for targeted discovery. The Court understands Longhorn's position that it would prefer to conduct discovery to respond to Micron's claims more thoroughly. However, Idaho Code § 48-1707 requires that "a target [establish] a reasonable likelihood that a person has made a bad faith assertion of patent infringement." Accordingly, the Court's analysis will be reviewing *Longhorn*'s behavior, not Micron's. Because the statutorily-mandated focus is on

Longhorn's behavior, there is little need to delay the Motion for Bond to allow Longhorn to review Micron's behavior at this time. [4] Although Micron has shared several facts about its own products, facts which will no doubt be used to compare Micron's products with Longhorn's, the focus is still on Longhorn. Any holes that Longhorn finds in Micron's Motion for Bond and exhibits that Longhorn desired to ask about in discovery can be used by Longhorn as evidence that it is not acting in bad faith.

## V. ORDER

The Court HEREBY ORDERS:

1. Longhorn's Motion to Stay Bond Proceedings (Dkt. 21) is DENIED. Briefing on pending motions shall proceed according to the current schedule.

DATED: August 8, 2022

David C. Nye
Chief U.S. District Court Judge

---

[4] Furthermore, it is difficult to square the idea of a prompt resolution of patent infringement with the need for early discovery.

MEMORANDUM DECISION AND ORDER - 7