**LAWRENCE G. WASDEN**
ATTORNEY GENERAL
STATE OF IDAHO

**BRETT T. DELANGE** (ISB No. 3628)
Division Chief
Consumer Protection Division

**STEPHANIE N. GUYON** (ISB No. 5989)
Deputy Attorney General
Idaho Attorney General's Office
Consumer Protection Division
P.O. Box 83720 • Boise, ID 83720-0010
954 W. Jefferson St., 2nd Fl. • Boise, ID 83702
(208) 334-2424 • stephanie.guyon@ag.idaho.gov

*Attorneys for State of Idaho*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICRON TECHNOLOGY, INC., MICRON SEMICONDUCTOR PRODUCTS, INC., and MICRON TECHNOLOGY TEXAS, LLC,<br><br>*Plaintiffs*,<br><br>v.<br><br>LONGHORN IP, LLC,<br><br>*Defendant*. | Case No. 1:22-cv-00273-DCN<br><br>**STATE OF IDAHO'S MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE** |

The State of Idaho ("the State"), by and through Attorney General Lawrence G. Wasden ("the Attorney General"), moves to intervene in the above-captioned matter pursuant to 28 U.S.C. § 2403(b) and Fed. R. Civ. Pro. 5.1(c) and 24(a)(1) to defend the constitutionality of Idaho's Bad Faith Assertions of Patent Infringement Act, title 48, chapter 19, Idaho Code.

### I.     Background

MEMORANDUM IN SUPPORT OF MOTION TO INTERVENE - 1

Plaintiffs Micron Technology, Inc., Micron Semiconductor Products, Inc, and Micron Technology Texas, LLC, (collectively "Micron") have sued Defendant Longhorn IP, LLC, ("Longhorn") under Idaho's Bad Faith Assertions of Patent Infringement Act, title 48, chapter 19, Idaho Code ("the Idaho Act"). Dkt. 1-4.  On July 1, 2022, Longhorn filed a Motion to Dismiss Pursuant to FRCP 12(B)(6). Dkt. 7. In its Memorandum in Support of Motion to Dismiss Pursuant to FRCP 12(B)(6), Dkt. 7-1 ("Motion to Dismiss"), Longhorn argues that the Idaho Act is unconstitutional because federal patent law preempts it. Motion to Dismiss at 9-15. Longhorn specifically contends the Idaho Act:

1. "purports to regulate speech by U.S. patent owners directed to persons anywhere in the world and the filing of federal patent lawsuits." Motion to Dismiss at 9.

2. "contravene[s] federal law" because it "does not presume an assertion of patent infringement is made in good faith, and it lowers the evidentiary standard for 'bad faith'" Motion to Dismiss at 10.

3. "contravene[s] federal law" because it "purports to apply even in the absence of objective bad faith." Motion to Dismiss at 12.

4. "allow[s] for quadruple damages, an up-front bond, and injunctive relief," thereby "strik[ing] a lopsided balance of the rights or patentees and apparent infringers and poses and obstacle to the 'full purposes and objectives' of federal patent laws." Motion to Dismiss at 13.

Longhorn notified the Attorney General pursuant to the requirements of Fed. R. Civ. Proc. 5.1(a) that Longhorn had filed a motion "drawing into question the constitutionality of" the Idaho Act.[1] Longhorn filed its Notice of Constitutional Challenge to a Statute Pursuant to Rule 5.1(a), Dkt. 10 ("Notice of Constitutional Challenge"), on July 18, 2022.

The State asserts that the Idaho Act is constitutional, and, as Micron articulates in its Opposition to Longhorn's Motion to Dismiss, Dkt. 26, the Idaho Act is not preempted by federal

---

[1] When federal law preempts conflicting state law, the state law "constitutes an unconstitutional obstacle to federal law" in violation of the Supremacy Clause. *United States v. Alabama*, 691 F.3d 1269, 1281 (11th Cir. 2012).

patent law. Accordingly, the State seeks to intervene in this matter to defend the Idaho Act's constitutionality.

## II.   The State is Entitled to Intervene in This Action Pursuant to 28 U.S.C. § 2403(b)

When the constitutionality of a state law "affecting the public interest" is questioned, the court "shall permit the State to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b). The statute further provides:

> The State shall, subject to the applicable provisions of law, have all the rights of a party and be subject to all liabilities of a party as to court costs to the extent necessary for a proper presentation of the facts and law relating to the question of constitutionality.

28 U.S.C. § 2403(b). "The importance of ensuring that states have a fair opportunity to defend their laws in federal court" is reflected in 28 U.S.C. § 2403(b) and Fed. Rule Civ. Proc. 24(a)(1), which requires the court, on receiving a timely motion to intervene, to permit intervention when a federal statute grants the proposed intervenor an unconditional right to intervene. *Cameron v. EMW Women's Surgical Ctr., P.S.C.,* 142 S. Ct. 1002, 1004 (2022).

Longhorn's assertion that the Idaho Act is unconstitutional affects the public interest because the purpose of the Idaho Act is to protect Idaho's businesses and marketplace from abusive patent infringement claims. The Idaho Act is an Idaho consumer protection statute that the Idaho Legislature enacted to "facilitate the efficient and prompt resolution of patent infringement claims, protect Idaho businesses from abusive and bad faith assertions of patent infringement and build Idaho's economy, while at the same time carefully not interfering with legitimate patent enforcement actions." Idaho Code § 48-1701(2). By claiming the Idaho Act is unconstitutional, Longhorn places these important public protections at risk.

Additionally, the State's Motion to Intervene is timely. Under Fed. R. Civ. Proc. 5.1(c), the Attorney General has 60 days from the date on which a notice to a constitutional challenge is filed to intervene. Longhorn filed its Notice of Constitutional Challenge on July 18, 2022. The 60-day intervention deadline expires on September 16, 2022, making the State's Motion to Intervene timely.

## CONCLUSION

The State is entitled to intervene in this action pursuant to 28 U.S.C. § 2403 and has filed a timely motion to do so. Accordingly, the State respectfully requests that this Court grant the State's Motion to Intervene.

DATED:   September 6, 2022

/s/ Brett T. DeLange
BRETT T. DeLANGE
Deputy Attorney General

## **CERTIFICATE OF SERVICE**

This to certify that a true and correct copy of the foregoing document was served on all counsel of record via the Court's CM/ECF system on September 6, 2002.

                                                 */s/ Brett T. DeLange*
                                                 BRETT T. DeLANGE
                                                 Deputy Attorney General