UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KATANA SILICON TECHNOLOGIES LLC,<br><br>    Plaintiff,<br><br>v.<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>    Defendants.<br><br>―――――――――<br><br>MICRON TECHNOLOGY, INC., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>LONGHORN IP, LLC,<br><br>    Defendant. | Case No. 1:22-cv-00282-DCN<br>Case No. 1:22-cv-00273-DCN<br><br>**MEMORANDUM DECISION AND ORDER**<br><br>*To be entered in both cases.* |

## I. INTRODUCTION

Before the Court are two identical motions filed in two connected actions. Longhorn

IP, LLC and Katana Silicon Technologies, LLC ("Longhorn/Katana") have filed Motions

to Stay Pending IPR Appeal or, in the Alternative, Modify the Bond. Longhorn Dkt.

79/Katana Dkt. 91.[1] The Court previously ordered Longhorn/Katana to post bond in the

---

[1] Several documents have been filed in both *Katana* and *Longhorn*. The Court will refer to documents filed in both cases (other than the Motions themselves) by their docket number in *Micron Technology, Inc. v. Longhorn IP, LLC*, Case No. 1:22-cv-00273-DCN.

**MEMORANDUM DECISION AND ORDER - 1**

amount of $8 million by May 18, 2026. *See* Dkts. 50; 74. Longhorn/Katana now asks the Court to stay the effect of the Court's bond order or, in the alternative, to modify or reduce the bond. Dkt. 79-1.[2] Because Longhorn/Katana's request for a stay is moot, and because they have failed to show good cause for relief from the bond order, the Court DENIES Longhorn/Katana's Motion. The Clerk is further directed to enter this Order in both cases.

## II. BACKGROUND

In Case No. 1:22-cv-00282-DCN, Katana Silicon Technologies, LLC alleges Micron[3] violated three of its patents. Katana Dkt. 1. In Case No. 1:22-cv-00273-DCN, Micron alleges that Katana and its parent company, Longhorn IP, LLC, are engaging in a bad-faith assertion of patent infringement in violation of Idaho law. Longhorn Dkt. 1-3.

Idaho's Bad Faith Assertion of Patent Infringement Act (the "Act") provides a cause of action against a party who asserts patent infringement in bad faith. Idaho Code §§ 48-1706–07. If the Court finds a reasonable likelihood that the defendant asserted a patent claim in bad faith, the Court must order the asserting party to post a bond "equal to a good faith estimate of the target's costs to litigate the claim and amounts reasonably likely to be recovered under this chapter." Idaho Code § 48-1707.

---

[2] The Court finds the facts and legal arguments are adequately presented and the decisional process would not be aided by oral argument. Accordingly, the Court elects to decide the Motion without oral argument. D. Idaho Local Rule 7.1(d)(1)(B).

[3] Or, more precisely, three Micron entities: Micron Technology, Inc.; Micron Semiconductor Products, Inc.; and Micron Technology Texas, LLC ("Micron").

The Court previously found a reasonable likelihood that Katana's suit is a bad faith assertion of patent infringement and ordered Longhorn/Katana[4] to post an $8 million bond pursuant to Idaho Code § 48-1707. Longhorn/Katana appealed the Court's Order to the Federal Circuit, Dkt. 52, and Micron challenged Longhorn/Katana's patents through the Patent and Trademark Appeals Board's ("PTAB") *inter partes* review ("IPR") procedure. The Court stayed the cases pending resolution of the appeal and IPR proceedings. Dkt. 61.

The Federal Circuit dismissed Longhorn/Katana's appeals for lack of jurisdiction. Dkt. 68. The PTAB found two of Longhorn/Katana's patents invalid (the '806 and '879 patents) and declined to institute IPR proceedings regarding the third patent (the '013 patent). Dkt. 65. Longhorn/Katana appealed from the PTAB's decision to the Federal Circuit. Dkt. 72.

After the Federal Circuit dismissed Longhorn/Katana's appeals and the PTAB found the '806 and '879 patents invalid, the Court lifted its stays and ordered Longhorn/Katana to post the bond within 90 days. Dkt. 74. That order was entered on February 18, 2026, giving Longhorn/Katana until May 18 to post the bond or seek relief from the bond order in a timely fashion. *Id.*

On April 17, 2026—after 58 of Longhorn/Katana's 90 days had passed— Longhorn/Katana filed the instant Motions, asking the Court to stay proceedings pending the Federal Circuit's review of the PTAB's decision, to waive the bond amount under Idaho

---

[4] The Court previously ordered "Longhorn or Katana" to post the bond, but more recently referred to Katana alone as obligated to post bond. For clarity's sake: either Longhorn or Katana may post the bond, but the bond must cover both entities' possible liability under the Act regardless of which entity posts the bond.

Code § 48-1707, or to modify the bond amount to reflect Micron's reduced cost to litigate and Longhorn/Katana's increased likelihood of success on the merits following the PTAB's decisions. Dkt. 79-1. Four days later, the Federal Circuit affirmed the PTAB. Dkt. 83. Micron opposed the Motions, Dkt. 91, and Longhorn/Katana have replied, Dkt. 92.

The matters are ripe for review.

### III.  LEGAL STANDARD

### A.  Motion for Reconsideration

The standard for reconsideration under 54(b) is substantially the same as that used for motions to reconsider under Rule 59(e). *See Shoshone-Bannock Tribes of Fort Hall Resv. v. United States*, 2023 WL 2456403, at *1 (D. Idaho Mar. 10, 2023). "Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Est. of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation modified). "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed *clear error,* or if there is an intervening change in the controlling law.'" *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (per curiam) (emphasis in original) (citation modified).

"Clear error occurs when the reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed." *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (citation modified). The burden of proving clear error is high. As the Ninth Circuit has colorfully put it, "[t]o be clearly erroneous, a decision

MEMORANDUM DECISION AND ORDER - 4

must strike [the reviewing Court] as more than just maybe or probably wrong; it must . . . strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Prete v. Bradbury*, 438 F.3d 949, 968 n.23 (9th Cir. 2006) (citation modified).

### B. Idaho Bond Requirements

Under Idaho law,

> Upon . . . a finding by the court that a target has established a reasonable likelihood that a person has made a bad faith assertion of patent infringement in violation of this chapter, the court shall require the person to post a bond in an amount equal to a good faith estimate of the target's costs to litigate the claim and amounts reasonably likely to be recovered under this chapter . . . . The court may waive the bond requirement if it finds the person has available assets equal to the amount of the proposed bond or for other good cause shown.

Idaho Code § 48-1707. The Act permits a prevailing target to recover equitable relief, damages, costs and fees (including reasonable attorney's fees), and exemplary damages of $50,000 or treble actual damages (whichever is greater). Idaho Code § 48-1706.

## IV. DISCUSSION

Longhorn/Katana's motion to stay was predicated on their pending appeal before the Federal Circuit. Since the Federal Circuit has resolved that appeal, and since Longhorn/Katana represent they will not seek en banc review or *certiorari*, their request for a stay is moot. Dkt. 92, at 2 n.1. Two issues remain: Longhorn/Katana's request that the Court waive the bond requirement and their request that the Court adjust the bond requirement in light of the PTAB's decision.

MEMORANDUM DECISION AND ORDER - 5

### A. Request to Waive the Bond

Longhorn/Katana ask the Court to waive the bond requirement because Katana swears it will maintain cash reserves equal to the amount of the proposed bond. Dkt. 79-1, at 7. In support of their contention, they include a declaration of Khaled Fekih-Romdhane, Katana's Manager. *Id.*; *see also* Dkt. 79-2, at 2. Mr. Fekih-Romdhane declares that "Katana is willing to maintain a balance equal to or greater than the required bond in its savings account for the duration of this litigation in lieu of posting the required bond if permitted to do so by the Court," and that Katana is willing to provide periodic status reports. Dkt. 79-2. However, Katana presents no evidence of what its current cash reserves are or the value of its assets. Mr. Fekih-Romdhane's declaration, standing alone, is insufficient for the Court to find that Katana's current assets are equal to the amount of the proposed bond. The Court, therefore, DENIES Longhorn/Katana's request to waive the bond.

However, the Court notes that if Longhorn/Katana is willing to maintain cash reserves equal to the bond amount, it should have no difficulty depositing that amount into the Court Registry Investment System ("CRIS"). Accordingly, the Court grants Longhorn/Katana leave to deposit the sum of $8,000,000 in the CRIS.

### B. Reconsideration Based on the PTAB Decision

The PTAB concluded that two of Katana's patents were invalid and declined to institute IPR proceedings against a third. Longhorn/Katana argue both the invalidity decision and the PTO Director's decision declining to institute IPR proceedings constitutes grounds for reconsidering the bond amount.

**MEMORANDUM DECISION AND ORDER - 6**

### 1. *Invalidity Decisions*

Longhorn/Katana argue that by invalidating the '806 and '879 patents, the PTAB has greatly reduced Micron's costs to litigate the patent claims against it, as well as the bad faith patent claims under Idaho law and the Court should reduce its bond amount as a result. Micron argues the amount should be maintained because it has already incurred four years of expenses related to prosecuting the IPR proceedings and defending the PTAB's decision before the Federal Circuit. In reply, Longhorn/Katana ask the Court to reduce the bond amount attributable to '806 and '879 patents to reflect Micron's actual costs rather than the Court's marginal estimate of $750,000 per patent.

The Court will not reduce the bond amount at this time because that amount remains a good faith estimate of Micron's litigation costs. Although IPR proceedings may be cheaper than $750,000 per patent in the abstract, the sources Longhorn/Katana cites suggest that $750,000 would be a high, but not extraordinary, estimate of costs. *See* Dkt. 92, at 6 (citing a Husch Blackwell LLP blog post estimating IPR proceedings at $200,000 to $500,000). And there are reasons to believe Micron's total costs regarding the '806 and '879 patents were well higher in this case than the IPR average alone: the parties have already had to litigate two appeals covering the '806 and '879 patents at this point, in addition two full IPR proceedings *and* all motion practice in these actions prior to May 7, 2026 (when Longhorn/Katana conceded the patents were invalid). Dkt. 92. The Court finds that $750,000 per patent remains a good faith estimate of Micron's *total* costs of litigating the '806 and '879 patents through IPR proceedings, two rounds of appeals, and proceedings in these cases so far.

### 2. Institution Denied as to the '013 Patent

The Director of the Patent and Trademark Office is empowered to decline a party's request to institute IPR proceedings. 35 U.S.C. § 314. By statute, the Director must decline when the petitioner fails to show a reasonable likelihood of prevailing on the claims challenged in the petition. 35 U.S.C. § 314(a). The Director's decision is absolutely unreviewable except (possibly) for constitutional or statutory errors. *In re Motorola Sols., Inc.*, 159 F.4th 30, 36 (Fed. Cir. 2025).

Here, the Director found Micron did not establish a reasonable likelihood that the '013 patent is unpatentable. *Micron Technology, Inc. v. Katana Silicon Technologies LLC*, No. IPR2023-00105 (P.T.A.B. June 14, 2023). Longhorn/Katana asks the Court to reduce the bond amount with respect to the remaining '013 patent as a result. The Court declines to do so because the PTAB's decision does not constitute new material information and the Court did not clearly err; thus, reconsideration would be inappropriate. *See McDowell*, 197 F.3d at 1255.

The PTAB decision *at most* suggests the '013 patent might be invalid, but the Court did not hinge its reasonable likelihood finding on the validity of the '013 patent. Micron has maintained before this Court that it did not infringe the '013 patent—an issue which the PTAB did not pass on, and which could still substantiate a bad faith assertion claim. *See* Katana Dkt. 13. The Court weighed several factors in reaching that decision, including the inadequacy of Longhorn/Katana's demand letter analysis, Longhorn/Katana's history of litigation and its communications with Micron, and Longhorn/Katana's corporate structure to conclude Micron was reasonably likely to succeed in arguing its bad faith claim

MEMORANDUM DECISION AND ORDER - 8

argument. *See* Dkt. 50, at 22–26. The PTAB's decision regarding the '013 patent does not call into question the Court's application of any of those factors. Thus, there are no material changes which would justify reconsideration of the Court's reasonable likelihood finding.

Moreover, to the extent Longhorn/Katana ask the Court to reconsider the portion of its May 3, 2023 Memorandum Decision and Order interpreting the term "reasonable likelihood" as used in Idaho Code § 48-1707, the Court does not find it clearly erred. Citations to cases in far different substantive and procedural contexts do not persuade the Court that it incorrectly applied the reasonable likelihood standard in that Order. *Cf. Kansas v. Carr*, 577 U.S. 108, 120 (2016) (defining reasonable likelihood in the capital sentencing context); *Fuentes Aguilar De Perez v. Bondi*, 2025 WL 3657596, at *1 (9th Cir. Dec. 17, 2025), *abrogated by Oxlaj-Perez v. Blanche*, 2026 WL 1162694 (6th Cir. Apr. 29, 2026) (defining reasonable likelihood in the BIA motion to reopen denial context).

Thus, the Court declines to reconsider the bond amount based on the PTAB's decision denying IPR on the '013 patent or the other arguments Longhorn/Katana raise.

## V. CONCLUSION

The Court ordered Longhorn/Katana to post bond over two years ago. The time has finally come for Longhorn/Katana to do so. Because the Motion for Stay is moot and Longhorn/Katana's other arguments for modifying the bond are legally infirm, the Court DENIES their Motion.

## VI. ORDER

ACCORDINGLY, IT IS HEREBY ORDERED:

1. Longhorn/Katana's Motions to Stay Pending IPR Appeal or, in the Alternative, Modify the Bond (Dkt. 79 in case no. 1:22-cv-00273-DCN; Dkt. 91 in case no. 1:22-cv-00282-DCN) are DENIED.

2. Either Longhorn or Katana must post bond consistent with D. Idaho Local Rule 65.2. Any such bond must cover both entities' liability.

3. In lieu of a private bond, the entities may deposit the full cash value of the bond into court.

   a. IT IS ORDERED that the Clerk of Court invest the amount of $8,000,000 in the Court Registry Investment System ("CRIS"), which is administered by the Administrative Office of the United States Courts under 28 U.S.C. § 2045, and said funds to remain invested pending further Order of the Court.

   b. IT IS FURTHER ORDERED that the Administrative Office of the Courts is authorized and directed by this Order to deduct the investment services fee for the management of investments in the CRIS and the registry fee for maintaining accounts deposited with the Court.

4. The Clerk is directed to enter this Order in both cases.

DATED: May 12, 2026

David C. Nye
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 10